1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

THOMAS J. WEST, III,

                    Plaintiff,

          v.

JO ANNE BARNHART,
Commissioner of Social Security,

                    Defendant.

CASE NO.  C05-1711RSL

ORDER

The Court, having reviewed the entire record, including the administrative record, the memoranda of the parties, and the Report and Recommendation of the Honorable Monica J. Benton, United States Magistrate Judge, finds and orders as follows:

(1)      The Court adopts the Report and Recommendation;

(2)      The Administrative Law Judge ("ALJ") improperly discredited plaintiff's testimony about the extent of his impairments, which led to the conclusion that plaintiff could perform jobs that exist in significant numbers in the national economy.  Because the ALJ took seriously his obligation to develop the record despite his concerns regarding plaintiff's credibility, a vocational expert was consulted during the administrative proceedings and was asked to assess plaintiff's job prospects based on all of the impairments plaintiff had identified.  Working under the assumption that plaintiff's

ORDER

1    testimony was credible, the vocational expert concluded that plaintiff could not hold any

2    full-time employment and was therefore disabled at step five.  Thus, no further

3    administrative proceedings are necessary in this case.  The ALJ has failed to provide

4    legally sufficient reasons for rejecting plaintiff's testimony, all outstanding issues of fact

5    have been resolved thanks to the presentation of hypotheticals to the vocational expert,

6    and the existing record shows that the ALJ would be required to find plaintiff disabled if

7    the discredited testimony were considered.  See, e.g., McCartey v. Massanari, 298 F.3d

8    1072, 1076-77 (9th Cir. 2002).

9                Defendant argues that this matter should be remanded so the ALJ can make

10   specific findings regarding plaintiff's ability to work for more than 20-30 minutes without

11   rest.[1]  In similar situations where plaintiff's eligibility for benefits turns entirely on the

12   credibility of his testimony, the Ninth Circuit has found that a remand to allow the ALJ to

13   further evaluate plaintiff's claims of pain or impairment was an abuse of discretion.  See

14   Benecke v. Barnhart, 379 F.3d 587, 595 (9th Cir. 2004); Moisa v. Barnhart, 367 F.3d

15   882, 887 (9th Cir. 2004).  A remand for an award of benefits is the appropriate remedy

16   where, as in Benecke and Moisa, plaintiff's testimony and the remaining record

17   establishes that plaintiff is disabled.  Cf. Bunnell v. Barnhart, 336 F.3d 1112, 1116 (9th

18   Cir. 2003) (no vocational expert was called upon to consider all of the testimony that was

19   relevant to the case, necessitating a remand for further proceedings).  Here, the vocational

20   expert has already established that plaintiff is unable to do any kind of substantial gainful

21   work which exists in the national economy if the limitations about which he testified are

22   considered.  Giving defendant another opportunity to evaluate plaintiff's residual

23   functional capacity is neither required nor justified: the reasons given for discrediting

24   _____

25       [1] Defendant also seeks a remand for the purpose of making factual findings regarding
     plaintiff's ability to perform sedentary work.  The vocational expert has already opined that, given

26   the limitations about which plaintiff testified, he would be unable to perform any job for an eight-
     hour day (Tr. 1068)

ORDER

1  plaintiff's testimony were legally insufficient, the existing record supports a finding of

2  disability at step five, plaintiff has waited almost six years for benefits, and "[a]llowing

3  the Commissioner to decide the issue again would create an unfair 'heads we win; tails,

4  let's play again' system of disability benefits adjudication."  Benecke, 379 F.3d at 595.

5  See also Moisa v. Barnhart, 367 F.3d 882, 887 (9th Cir. 2004) ("The Commissioner,

6  having lost this appeal, should not have another opportunity to show that Moisa is not

7  credible any more than Moisa, had he lost, should have an opportunity for remand and

8  further proceedings to establish his credibility.").  The snippets of record on which

9  defendant bases its demand for additional fact-finding do not raise a substantial question

10  regarding plaintiff's credibility or disability.  Benecke, 379 F.3d at 593 (distinguishing

11  Connett v. Barnhart, 340 F.3d 871, 876 (9th Cir. 2002)).

12          (3)     For all of the foregoing reasons, the Court takes plaintiff's testimony

13  regarding his limitations as true and finds that he is entitled to benefits.  This matter is

14  hereby REVERSED and REMANDED to the Commissioner of Social Security for an

15  award of benefits.

16

17          DATED this 29th day of August, 2006.

18

19

20          Robert S. Lasnik
            United States District Judge

21

22

23

24

25

26

ORDER